Judge Rowan
dejivered the opinion of the court.
Chiles recovered judgment in ejectment, against Patterson, the tenant in possession — Patterson moved the court for the appointment of commissioners under the occupying claimant law, to estimate the value of his improvements, &c. — Chiles resisted the motion, on the ground that Patterson was not an occupant séater, or improver, within the provisions of that law' — Patterson exhibited, to shew himself within its provisions, a patent from the commonwealth to John Mayo for 30,QUO acres of land, and a decree by the general court in favour of Green Clay, for a moiety thereof. He exhibited, also, a contract in writing, purporting, that he bad purchased from G. Clay 265 acres out of the moiety decreed to him, which purchase included his residence and improvements. The purchase by Patterson from CJay, was made near six months after service of plaintiff’s declaration in ejectment. The court sustained the motion of Patterson, and appointed commissioners, who reported an estimate of the improvements, &c. which was approved by the court — do all which Chiles excepted.
The propriety of the appointment of commissioners by the court below, is the first question that solicits the attention of this court. That depends entirely upon the character of Patterson’s possession. If he entered upon, seated and improved the land peaceably, supposing it to be ⅛ own, under a claim based upon a foundation of public rec01'(^ there can be but littie doubt that the court were correct m their proceedings upon his case: But if he entered upon the land, having no claim- thereto, either in law or equity, and made the improvements for which he claims' to be compensated, without supposing the land to be bis own, but knowing it to belong to another, then was he a *445 wrong doer, a naked trespasser, and not within the provisions of the occupying claimant law. . That law, while it provides justly and liberally for. the meritorious but deluded occupants of land, discriminates clearly throughout all its provisions, between them and the lawless invaders of the lands of another. To the latter it does not, as it shoulcj not, extend any sympathy. The persons for whom it provides, and to whom only its provisions can, by any sound construction, be justly applied, are those who enter upon, seat and improve, lands, upder the honest, but erroneous, conviction, that they are proprietors^ — that the land is their o.wn. ' The law respecting the motives of proprietorship under which they acted, regards them as proprietors of the improvements, after they pave ceased to be so of the kind, and in that characterawardsthem compensation. Patterson exhibits no claim the land, (for the costs, or value of improving which, he claims compensation) in connection with his seating and improving thereof — there is no proof in the record that, when he seated or improved the land, or at any time thereafter before the commencement of plaintiff’s action, he supposed it was his own, or that he had a claim of any kind thereto. His purchase from Green Clay, near six months after the service of plaintiff’s ejeclment upon him, can be" considered only as an expedient, to bring himself within the law as to pay for improvements, and not as an evidence that he was previously entitled thereto. His pro-cufement of that claim, and his conduct thereafter,- as displayed by the record in connection therewith, evince a strong consciousness on his part, that his case was not within the provisions of the law — and a strong inclination to supply, by, artifice, those characteristics of occupancy of which his case was destitute. A claim, purchased by a mari to land upon which he has wrongfully seated himself, and for which he is sued, may form an incentive with him to protract the suit, and to barrass and afflict the proprietor, but it ought not, and cannot, change the character of the Original act. The case of the real occupant needs no artifice to bring him within the law. The law was made for it, and embraces it in its natural state, and no artifice ought to succeed in palming uppn the court the unreal, the factitious, for the real and legitimate occupant.
guc[l settler purchasingiu * claim after ject the site, ctssfulclaim-pavements vnadewithout ^tie-
We cannot think Patterson’s possession and occupancy entitles him to compensation for impVoveroents, under any just construction of the occupying claimant Jaw — -and are. *446 therefore, of opinion, that the court below erred in the ap-pobitment of commissioners. The proceedings of the court upon the report of the commissioners need not be considered. The order appointing commissioners, and subsequent proceedings thereon, must be reversed, set aside,, and held for naught, and judgment entered up in favor,of Chiles for his costs. Defendant to pay plaintiff his costs in this court.